**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

JAY BALLARD                                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:14-CV-00013-SA-DAS

GEICO INSURANCE AGENCY, INC.                                                                DEFENDANT

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Remand [7]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Jay Ballard filed an action for breach of contract and failure to act in good faith against Geico in the Circuit Court of Tishomingo County, Mississippi, on December 23, 2013. In the complaint, Plaintiff requested damages in an amount not to exceed $75,000.00. On January 21, 2014, Defendant Geico responded by filing a Notice of Removal [1] from state court based on diversity jurisdiction. In response, Plaintiff filed a Motion to Remand [7] based on lack of diversity jurisdiction. In the Motion to Remand [7], Plaintiff emphasized that the original complaint did not request damages in excess of $75,000. Plaintiff also attached a stipulation that Plaintiff will not demand or accept more than $75,000, the statutory minimum amount-in-controversy for diversity jurisdiction, as total damages.

*Standard*

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28

U.S.C. § 1332(a). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (U.S. 1938).

Once the action is removed to federal court, the plaintiff may move to remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Analysis and Discussion*

In its Notice of Removal [1], Geico correctly states that the first prong of 28 U.S.C. § 1332, complete diversity, is satisfied in this case. Plaintiff is a Mississippi citizen, and Defendant is a corporation incorporated and with its principal place of business in Maryland. However, for federal diversity jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00. Because the amount in controversy in this matter was limited, by Plaintiff, to not exceed $75,000.00, federal diversity jurisdiction does not exist.

In Plaintiff's State Court Complaint [2], Plaintiff requested damages from Defendant "in an amount not to exceed $75,000.00." "Removal jurisdiction should be determined on the basis

of the state court complaint at the time of removal." Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995). In reviewing the Plaintiff's complaint at the time of removal, Plaintiff clearly limited the amount of damages requested to not exceed $75,000.00. In addition, Plaintiff's Motion to Remand [7] included a stipulation promising to not demand or accept damages in excess of $75,000.00. Since Plaintiff has not, in any filing, requested damages in excess of $75,000.00, Defendant's Notice of Removal [1] was improper based on a lack of federal diversity jurisdiction.

*Conclusion*

For the foregoing reasons, the Court finds the removal of this matter is not available on the basis of diversity jurisdiction for failure to satisfy the minimum amount in controversy requirement.

Accordingly, Plaintiff's Motion to Remand [7] is GRANTED and this matter is hereby REMANDED to the Circuit Court of Tishomingo County, Mississippi.

SO ORDERED on this, the 28th day of May, 2014.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**